UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

HAROLD J. GRANT,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
NY-0752-15-0234-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harold J. Grant, Bronx, New York, pro se.

Anthony V. Merlino, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

¶2        Effective June 6, 2015, the agency removed the appellant, a preference-eligible Letter Carrier, based on three charges: (1) absence without leave beginning on May 20, 2014; (2) conduct unbecoming a Postal employee based on his having submitted a fraudulent medical document to support an absence; and (3) failure to follow instructions—four specifications wherein the agency alleged that the appellant failed to report for duty or provide supporting documentation for his absence as directed on July 18, 2014—and failed to report for a Pre-Disciplinary interview as directed on August 19, September 13, and December 18, 2014. Initial Appeal File (IAF), Tab 8 at 12-15, 18-22. The appellant challenged the action on appeal, IAF, Tab 1, and alleged that the agency committed harmful procedural error when it accessed his medical information as part of the investigation it conducted into charge (2), IAF, Tab 14. The appellant requested a hearing. IAF, Tab 1 at 2.

---

[2] The appellant also filed a motion for leave to file additional pleadings. Petition for Review File, Tab 6 at 2. In this motion, the appellant is seeking leave to submit "new medical information." Although the information he seeks leave to submit may be new, he has failed to explain how the "new medical information" would warrant an outcome different from that of the initial decision. Accordingly, the appellant's motion for leave to submit additional evidence is denied.

¶3     Thereafter, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 24, Initial Decision (ID) at 1, 20. Regarding charge (1), she found, based on the agency's documentation and the hearing testimony of the Manager, Customer Service, the Area Manager, and the appellant's Supervisor, and the appellant's failure to refute that evidence or present any contrary evidence, that he was absent without authorization since at least May 20, 2014. ID at 6. The administrative judge further found that, while the appellant did submit leave requests covering several days of the time he was absent, the agency fairly denied those requests as not properly submitted and that, other than the appellant's unsubstantiated claim that the agency lost the medical documentation he submitted, there was no evidence to show that he requested leave for the remainder of the time charged. ID at 6-8. Accordingly, the administrative judge found charge (1) sustained. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28, n.5 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

¶4     The administrative judge analyzed charge (2), the "conduct unbecoming" charge, as a charge of falsification. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010); ID at 8-10. She considered the results of the report of investigation that included interviews with, and sworn statements of, the clinic administrator and the medical professional whose name appeared on the medical note the appellant submitted, along with testimony of the Special Agent who conducted the investigation and the Manager, Customer Service. The administrative judge found that, in support of a leave request, the appellant submitted incorrect information relating to his alleged treatment by a medical professional at a clinic on May 12, 2014,[3] ID at 10-12, that the incorrect

---

[3] The administrative judge found, based on the record evidence, that the appellant was seen twice at the clinic by an optometrist in 2007, not 2012, as the note indicated, that the individual who allegedly signed the medical note worked there, but as a Physician's Assistant in the Dermatology Department, and so would not likely have given a

information coupled with a lack of any credible explanation or contrary action on the appellant's part constituted circumstantial evidence that he intended to deceive the agency, *O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 6 (2016), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017); ID at 12-13, and that, in doing so, he was seeking private material gain, that is, being paid for leave to which he was not entitled, such that the falsification charge was sustained, *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 13 (2014); ID at 13.

¶5      Regarding charge (3), the administrative judge found that all four specifications were supported by documentary evidence showing that the appellant received three of the letters and that, although the fourth was refused, it was sent by certified mail, as well as by testimony from the appellant's Supervisor and the Manager, Customer Service. ID at 14-15. The administrative judge further found that, through these letters, the agency gave the appellant instructions to follow but that he failed to follow them, *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 22 (2014), and that therefore the charge was sustained, ID at 15.

¶6      The administrative judge next addressed the appellant's claim of harmful procedural error. Here, the administrative judge found that the appellant failed to set forth a regulation or a collective bargaining agreement statement that he believed the agency violated, how it was violated, and that he was harmed thereby. ID at 15-16. The administrative judge considered the appellant's general claim that the agency violated his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and that, in conducting the investigation, the investigator acted outside the scope of the Inspector General

---

prognosis of "back and blood pressure," that she had never seen the appellant, and that the signature on the note was not hers. ID at 10-12; IAF, Tab 8 at 42.

Act of 1978 (IG Act).[4] The administrative judge found, based on the testimony of the investigator that the investigation was authorized by her supervisor who reviewed it for authorization under the IG Act, that the investigator provided the clinic administrator with a HIPAA Request for Information Letter before speaking with her, and that both she and the individual who the appellant falsely claimed signed his medical note were provided with the letter. ID at 16; IAF, Tab 8 at 48-49. The administrative judge further considered testimony of the investigator to the effect that the records accessed included no medical records or tests, but rather information as to when and by whom the appellant was, or was not, seen at the clinic, and the lack of any contrary evidence from the appellant. The administrative judge concluded, therefore, that the appellant failed to establish his claim of harmful procedural error. *Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 10 (2008); ID at 16.

¶7        The administrative judge found that the agency proved that a nexus exists between the sustained charges and the efficiency of the service. *Archerda*, 121 M.S.P.R. 314, ¶ 4; *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 14 (2007); *Tanner v. Department of Transportation*, 65 M.S.P.R. 169, 172 (1994); ID at 17-18. Regarding the reasonableness of the penalty, the administrative judge further found that the deciding official considered the relevant *Douglas*[5] factors, both aggravating and mitigating, and that, therefore, she need not independently weigh them. ID at 18-19. Nonetheless, she found that the multiplicity of charges was sufficient to support the penalty of removal. ID at 19-20.

---

[4] The IG Act of 1978 authorizes the agency's OIG to investigate allegations of fraud, waste, and abuse in programs and operations of the U.S. Postal Service, including investigations of suspected workers' compensation and leave benefits fraud and abuse. IAF, Tab 8 at 48.

[5] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), sets forth a nonexhaustive list of factors deemed appropriate for consideration in determining the reasonableness of an agency-imposed penalty.

¶8   The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

¶9   The appellant does not, on review, challenge the administrative judge's findings on the merits of the charges, nexus, or the reasonableness of the penalty, and we discern no basis upon which to disturb those findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶10   On review, the appellant argues that he did not receive a copy of the "[investigator's] written testimony" until 3 days after the hearing. PFR File, Tab 1 at 1. The appellant's claim on this point is unclear, and he has not explained it. To the extent he is referring to the investigator's summary of her findings, that document, which appears at the beginning of the report of investigation, is a part of the file below, IAF, Tab 8 at 38-40, and was properly served on the appellant 6 weeks before the hearing. If the appellant is referring to the investigator's testimony, the appellant was present at the hearing when the investigator provided her testimony. He has not indicated that he requested a transcript of the proceedings. Most importantly, he has failed to show, or suggest, how he was harmed by the manner in which he received the investigator's "written testimony."

¶11   The appellant next contends that HIPAA 1996 "overides" (sic) HIPAA 1974. PFR File, Tab 1 at 1. Again, the appellant has failed to explain his claim. In any event, he did not raise such an argument below, and therefore we will not now consider it. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶12   The appellant also alleges on review that the agency violated his rights under the Privacy Act. PFR File, Tab 1 at 1. He contends that "the Privacy Act . . . overides [sic] the HIPPA 1974." *Id*. The Board lacks jurisdiction to adjudicate Privacy Act claims. *Calhoon v. Department of the Treasury*,

90 M.S.P.R. 375, ¶ 15 (2001) (stating that Federal district courts, not the Board, are the appropriate forum for adjudication of a Privacy Act claim).  Thus, we need not consider the appellant's allegations pertaining to the Privacy Act under the circumstances of this case.[6]

¶13    Finally, the appellant argues that the Manager, Customer Service, testified that she was concerned with the findings in the report of investigation because the appellant previously was suspected of providing a fraudulent doctor's note at his prior station and that the investigator's testimony was in accord.  PFR File, Tab 1 at 1.  During the investigation in this case, the Manager, Customer Service, did express concerns about the authenticity of the doctor's note the appellant submitted because he previously had been suspected of providing fraudulent doctors' notes.  IAF, Tab 8 at 41.  Also, the investigator noted those concerns in her summary of the investigation.  *Id.* at 39.  As such, the appellant was aware when he received a copy of the report of investigation that at least one agency official was considering his prior misconduct.  However, to the extent the appellant suggests that such consideration was improper, he did not raise that claim before the administrative judge in this case, and his failure to do so then precludes his doing so on review.  *Banks*, 4 M.S.P.R. at 271.  With his petition, the appellant submitted a copy of a settlement agreement reached in his 2013 Board appeal, pursuant to which an earlier notice of proposed removal and letter of decision were rescinded.[7]  PFR File, Tab 1 at 12.  This document is neither

---

[6] The Board has considered alleged violations of the Privacy Act when the Act is directly implicated in matters over which it has jurisdiction.  *See Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 10 (2011) (determining that the appellant raised a nonfrivolous allegation of a protected disclosure based on an alleged violation of the Privacy Act); *Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶¶ 21-24 (2002) (finding in a demotion appeal that the agency failed to prove its charge that the appellant violated the Privacy Act).  This is not the case here.

[7] The appeal was dismissed as settled, *Grant v. U.S. Postal Service*, MSPB Docket No. NY-0752-12-0169-B-1, Initial Decision at 1-2 (May 13, 2013), and the initial decision became the Board's final decision on June 17, 2013, when neither party filed a petition for review.

new nor material.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  To the extent the appellant is suggesting that the agency's considering his prior misconduct is improper under the terms of the settlement agreement, he failed to raise that argument below and therefore cannot be heard to raise it now.  *See Banks*, 4 M.S.P.R. at 271.

¶14      The appellant has also submitted on review copies of various pages of the report of investigation.  PFR File, Tab 1 at 2-8.  Evidence that is already a part of the record is not new.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); IAF, Tab 8 at 37-41, 48.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                       /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.